**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LAMONT LOMAX** : | |
| : | **CIVIL ACTION NO. 20-1774** |
| Plaintiff, : | |
| : | |
| **v.** : | |
| : | |
| **VIVINT SOLAR DEVELOPER, LLC** : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

**CONSOLE MATTIACCI LAW, LLC**

Dated: May 1, 2020                        BY:    **/s/ Lane J. Schiff, Esquire**
                                                Lane J. Schiff, Esquire
                                                1525 Locust Street, 9th Floor
                                                Philadelphia, PA 19102
                                                (215) 545-7676

                                        *Attorney for Plaintiff Lamont Lomax*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION…………………………………………………………………...1

II.     FACTUAL BACKGROUND…………………………………………………………1

        A.  Facts Related to Plaintiff's Claims…………………………………………………1

        B.  Facts Related to the Direct Seller Agreement ……………………………….....2

III.    LEGAL STANDARD……………………..………………………………..……...……3

IV.     LEGAL ARGUMENT………………………….………………………...…4

        A.      The Parties Have Not Entered Into A Contract…………………………...…4

        B.      The Arbitration Provision Is Invalid And Unenforceable Because It Is
                Unconscionable……………………...…………………………………………6

                1.    The Arbitration Provision is procedurally unconscionable because it is a
                      contract of adhesion…………………………………………………...…6

                2.    The Arbitration Provision is substantively unconscionable because it
                      unreasonably favors Defendant……………………………………………..7

                        a.   The Arbitration Provision is unconscionable to the extent that it
                             prevents Plaintiff from bringing claims under CHRIA and the Fair
                             Hiring Law……………………………………………………8

                        b.   The Arbitration Provision is substantively unconscionable because it
                             requires the parties to split the costs of arbitration……..……………9

        C.      In The Event This Court Compels Arbitration, Plaintiff's Claims Should be
                Stayed……………………………………………………………10

V.      CONCLUSION……………………………………………………………..11

i

# Table of Authorities

**Cases**

**Page(s)**

Alexander v. Anthony Int'l, L.P., 341 F.3d 256 (3d Cir. 2003) ...................................... 7

Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974) ...... 8-9

ATACS Corp. v. Trans World Communications, Inc., 155 F.3d 659 (3d Cir. 1998) ................... 4

Barton v. Hewlett-Packard Co., 2014 U.S. Dist. LEXIS 170284 (W.D. Pa. Dec. 9, 2014) .......... 5

Beery v. Quest Diagnostics, Inc., 953 F. Supp. 2d 531 (D.N.J. 2013) ........................................ 7

Blair v. Scott Specialty Gases, 283 F.3d 595 (3d Cir. 2002) ...................................... 5,10

Drake v. Hyundai Rotem United States, Corp., No. 13-0868, 2013 U.S. Dist. LEXIS 122393
(E.D. Pa. Aug. 28, 2013) ................................................................................................................. 9

Edwards v. HOVENSA, LLC, 497 F.3d 355 (3d Cir. 2007) ............................................... 7

Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) ............................................. 7

Giordano v. Pep Boys--Manny, Moe & Jack, Inc., 2001 U.S. Dist. LEXIS 5433 (E.D. Pa. 2001)
...................................................................................................................................................... 10

Golden Gate Nat'l Senior Care, LLC v. Brooks, 2014 U.S. Dist. LEXIS 134280 (M.D. Pa. Sept.
24, 2014) ........................................................................................................................................ 3

Great Am. Ins. Co. v. Norwin Sch. Dist., 544 F.3d 229 (3d Cir. 2008) ........................................ 5

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764 (3d Cir. 2013) ..................... 10

Hall v. Treasure Bay V.I. Corp., 371 F. App'x 311 (3d Cir. 2010) ............................................. 9

Harris v. Green Tree Fin. Corp., 183 F.3d 173 (3d Cir. 1999) .........................................6,7

Hopkins v. New Day Fin., 643 F. Supp. 2d 704 (E.D. Pa. 2009) ............................................. 7

Kaneff v. Del. Title Loans, 587 F.3d 616, 620 (3d Cir. 2009) ...................................................... 3

Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156 (3d Cir. 2009) .............................. 3

Lloyd v. HOVENSA, LLC, 369 F.3d 263 (3d Cir. 2004) ........................................................... 11

Nino v. Jewelry Exchange, Inc., 609 F.3d 191 (3d Cir. 2010) ...........................................7,9

Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269 (3d Cir. 2004) ....................................... 6

Quilloin v. Tenet HealthSystem Phila., Inc., 673 F.3d 221 (3d Cir. 2012) ................................... 6

Russell v. Chesapeake Appalachia, L.L.C., 2014 U.S. Dist. LEXIS 163401 (M.D. Pa. Nov. 21,
2014) .............................................................................................................................................. 3

Spinetti v. Serv. Corp. Int'l, 324 F.3d 212 (3d Cir. 2003) .............................................. 9-10

Zimmer v. CooperNeff Advisors, Inc., 523 F.3d 224 (3d Cir. 2008) ........................................... 6

**Statutes**

9 U.S.C. §3 ................................................................................................................................... 11

18 PA.C.S. § 9101 et seq. ................................................................................... 1

18 PA.C.S. § 9183 ............................................................................................... 8

Utah Code Ann. § 34-46-202, 301 ...................................................................... 8

§ 9-3500 ............................................................................................................... 1,2

§ 9-3508(3) ........................................................................................................... 8

## I.     INTRODUCTION

Defendant's Motion is utterly without merit. Defendant seeks to compel arbitration in this matter, even though the clear and unambiguous language of the Agreement states that it is neither "effective" nor "enforceable." Rather than defend the indefensible, Defendant instead opted to completely ignore the dispositive plain language of the Agreement.  Therefore, because no contract exists and, even if a Contract did exist (which it unambiguously does not), it is unconscionable, Plaintiff respectfully requests that this Court deny Defendant's Motion and that Plaintiff be allowed to properly proceed with his claims in this Court.

## II.    FACTUAL BACKGROUND

### A.  Facts Related to Plaintiff's Claims

Plaintiff, Lamont Lomax, filed this Complaint against Defendant, Vivint Solar Developer, LLC, as a result of Defendant's failure to hire him for the Sales Consultant position, in violation of the Criminal History Record Information Act, 18 PA.C.S. § 9101 *et seq.* ("CHRIA"), and the Philadelphia Fair Criminal Records Screening Standards Ordinance, § 9-3500 ("Fair Hiring Law").

In January 2018, Plaintiff applied for the position of Sales Consultant with Defendant. (Compl., ¶ 9).  The primary responsibilities of the Sales Consultant position included the selling of Defendant's solar and energy related products to perspective and existing clients. (*Id.* at ¶ 9). On January 23, 2018, Defendant conditionally offered Plaintiff the Sales Consultant position, pending the result of his criminal background check. (*Id.* at ¶ 12). On January 31, 2018, Defendant sent Plaintiff an email stating that his "background check did not pass [Defendant's] adjudication guidelines" and therefore, Defendant could not "proceed with employment." (*Id.* at ¶ 14). Plaintiff had previously been charged with, but not convicted of, crimes related to the

possession and sale of marijuana. (*Id.* at ¶ 15). Plaintiff received no compensation, pay raises or other benefits paid to him. (Declaration of Plaintiff, attached hereto as Exhibit A, at ¶ 1).

### B.  Facts Related to the Direct Seller Agreement

The purported arbitration agreement (hereinafter "Arbitration Provision") is part of a larger Direct Seller Agreement. The plain language of the Direct Seller Agreement expressly and unambiguously shows that the parties are not bound by the Agreement.  Specifically, Section 2 states, "[t]he terms and conditions of this Agreement as set forth herein **shall not become effective or enforceable against the Company until** the prior satisfaction of each of the following conditions:… (vii) **the Company shall have received a background check** pursuant to <u>Section 9</u> **in form and substance satisfactory to the Company**." (emphasis added) (Def.'s Mot at Ex. A). Section 9 states in part that "Direct Seller understand and agrees that Direct Seller's employment with the Company is contingent on the Company's receipt, evaluation, and approval of a background check concerning Direct Seller." (Def.'s Mot at Ex. A).

The parties are similarly not bound to the Arbitration Provision, specifically, as it is not a valid contract and is otherwise unconscionable.  It pertinently states "in consideration of my employment with the company, its promise to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by the company, at present and in the future, I agree that any and all controversies, claims, or disputes with anyone…arising out of, relating to, or resulting from my employment with the company or the termination of my employment with the company, including any breach of this agreement, shall be subject to binding arbitration under the arbitration provisions set forth in the Utah Uniform Arbitration Act…and pursuant to Utah law." (Def.'s Mot at Ex. A, §20(a)).  It further states "I agree that the Arbitrator shall administer and conduct any arbitration in accordance with Utah Law, including

the Utah rules of civil procedure and the Utah rules of evidence, and that the arbitrator shall apply substantive and procedure Utah law to any dispute or claim, without reference to rules of conflict of law," and "I understand that the parties to the arbitration shall each pay an equal share of the costs and expenses of such arbitration, except as prohibited by law." (*Id.* at §20(b)).

### III.   <u>LEGAL STANDARD</u>

The court may compel arbitration only where there is no genuine dispute of material fact that the parties entered into a valid agreement to arbitrate, and the parties' claims are within the scope the agreement to arbitrate. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir. 2009) (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir. 1980); *Kaneff v. Del. Title Loans*, 587 F.3d 616, 620 (3d Cir. 2009) (motions to compel arbitration to be decided by district courts under the same standard applied to motions for summary judgment pursuant to Fed. R. Civ. P. 56). "In making this determination, the party opposing arbitration is entitled to 'the benefit of all reasonable doubts and inferences that may arise.'" *Kirleis*, 560 F.3d at 159 (internal quotations omitted); *Kaneff*, 587 F.3d at 620..

"Because '[a]rbitration is strictly a matter of contract,' arbitration agreements are subject to the principles of contract interpretation." *Russell v. Chesapeake Appalachia, L.L.C.*, 2014 U.S. Dist. LEXIS 163401, *17 (M.D. Pa. Nov. 21, 2014) (quoting *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999)). "To determine whether the parties agreed to arbitrate, we turn to 'ordinary state-law principles that govern the formation of contracts.'" *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chic., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Courts apply the laws of the state where the contract was formed to determine whether a valid agreement to arbitrate exists. *Golden Gate Nat'l Senior Care, LLC v. Brooks*, 2014 U.S. Dist. LEXIS 134280, *33 (M.D. Pa. Sept. 24, 2014).

3

IV.   **LEGAL ARGUMENT**

### A.  The Parties Have Not Entered Into A Contract

The parties have not entered into a contract.  For a contract to exist in Pennsylvania, there must be (1) a mutual manifestation to be bound by the agreement; (2) sufficiently definite terms; and (3) consideration. *ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 666 (3d Cir. 1998). Here, there was neither a mutual manifestation to be bound nor consideration, such that the Direct Seller Agreement, including the Arbitration Provision, is not a contract. Here, the plain language of the Direct Seller Agreement expressly and unambiguously shows that the parties are not bound by the Agreement.  Specifically, Section 2 states "[t]he terms and conditions of this Agreement as set forth herein **shall not become effective or enforceable against the Company** until the prior satisfaction of each of the following conditions:… (vii) the Company shall have received a background check pursuant to <u>Section 9</u> in form and substance satisfactory to the Company."  (emphasis added)

Here, it is undisputed that Plaintiff's criminal background check was not satisfactory to the Company in form and substance.[1]  (Compl. at ¶ 14; *See also* Defendant's Answer to Plaintiff's Philadelphia Commission on Human Relations Complaint, attached hereto as Exhibit B, at ¶ 3.d. ("Vivant Solar admits that it informed Complainant that his background did not pass Vivint Solar's adjudication guidelines")).   Thus, the Direct Seller Agreement, including the Arbitration Provision, is not **effective** or **enforceable** against the Company.  It is axiomatic that the parties did not mutually agree to be bound by an agreement that is not "effective." It is also axiomatic that the parties did not mutually agree to be bound by an agreement when, by its plain language, one of the parties – Defendant – is not bound.  As such, a contract does not exist.

---

[1] Plaintiff, obviously, disputes the legality of Defendant's determination, but that does not change the present analysis.

Furthermore, Plaintiff anticipates Defendant may attempt to ignore the "effective" language of the Agreement and instead argue that, while not enforceable against the Company, the Direct Seller Agreement is still enforceable against Plaintiff. [2]  This argument is completely untenable.  In addition to lacking mutuality, an agreement only enforceable against one party also lacks consideration. "Consideration confers a benefit upon the promisor or causes a detriment to the promisee and must be an act, forbearance or return promise bargained for and given in exchange for the original promise." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) (internal quotations omitted).  Obviously if Defendant is not bound by the Agreement, then no promises are exchanged, such that no consideration exists.  *See Barton v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 170284, at *16 (W.D. Pa. Dec. 9, 2014) (quoting *Lackner v. Glosser*, 2006 PA Super 14, 892 A.2d 21, 31 (Pa. Super. 2006)) ("If the promise is entirely optional with the promisor, it is illusory, lacks consideration, and is unenforceable.") As such, a contract does not exist.

Furthermore, there is additionally no consideration as it pertains specifically to the Arbitration Provision.  The Arbitration Provision pertinently states "in consideration of my employment with the company, its promise to arbitrate all employment-related disputes and my receipt of the compensation, pay raises and other benefits paid to me by the company, at present and in the future," Plaintiff agrees to be bound by the Arbitration Provision.  (Def.'s Mot at Ex. A, §20(a)). However, none of these instances of consideration occurred.  First, Plaintiff was never employed with the company. (Compl., at ¶¶ 12,14).  Second, Defendant's promise to arbitrate all employment-related disputes is an unenforceable illusory promise. As noted above,

---

[2] Any attempt by Defendant to ignore the "effective" provision of the Agreement is utterly improper and Defendant should not be permitted to do so. *See Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 243 (3d Cir. 2008) (internal quotations omitted) ("Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed.")

Defendant is not bound by the Agreement and therefore promised nothing.[3]  Third, Plaintiff received no compensation, pay raises or other benefits paid to him. (Declaration of Plaintiff, attached hereto as Exhibit A, at ¶ 1). Accordingly, no consideration existed, and the parties have not entered into a contract.

### B. The Arbitration Provision Is Invalid And Unenforceable Because It Is Unconscionable

Even if an agreement to arbitrate exists, which it unambiguously does not, the Arbitration Provision is invalid and unenforceable because it is otherwise unconscionable. Unconscionability is a "contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of a contract." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999).

"To prove unconscionability, a party must show that the contract is both substantively and procedurally unconscionable." *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 230 (3d Cir. 2012) (citing *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007)). Put simply, "unconscionability requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269, 277 (3d Cir. 2004).

### 1. The Arbitration Provision is procedurally unconscionable because it is a contract of adhesion

Procedural unconscionability focuses on the process underlying the formation of the Agreement and the form and language of the agreement. *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 228 (3d Cir. 2008). "Procedural unconscionability is generally found where there is a contract of adhesion – a contract prepared by a party with excessive bargaining power and

---

[3] Further, since Plaintiff was never employed by Defendant, there can be no "employment-related dispute[]" for Defendant to promise to arbitrate.

presented to the other party on a 'take it or leave it' basis." *Hopkins v. New Day Fin.*, 643 F. Supp. 2d 704, 717 (E.D. Pa. 2009); *see also Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 265 (3d Cir. 2003), ("[t]his element is generally satisfied if the agreement constitutes a contract of adhesion"). The Arbitration Provision in this case was a contract of adhesion, drafted by Defendant and is therefore procedurally unconscionable.

## 2. The Arbitration Provision is substantively unconscionable because it unreasonably favors Defendant

Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent. *Harris*, 183 F.3d at 181. The Third Circuit has "consistently recognized that arbitration provisions that confer an 'unfair advantage' upon the party with greater bargaining power are substantively unconscionable." *Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 204 (3d Cir. 2010). Cases enforcing arbitration "are grounded on the premise that arbitration clauses substitute one procedurally fair forum for another." *Edwards v. HOVENSA, LLC*, 497 F.3d 355, 364 (3d Cir. 2007). The Supreme Court has recognized that "by agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (*citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985)). Therefore, "[a] party who has agreed to arbitrate disputes may nevertheless go to court if she demonstrates that she cannot vindicate her federal statutory rights in arbitration." *Beery v. Quest Diagnostics, Inc.*, 953 F. Supp. 2d 531, 537 (D.N.J. 2013) (*citing Gilmer*, 500 U.S. at 28). Here, the Arbitration Provision is substantively unconscionable for two reasons. First, the Arbitration Provision is substantively unconscionable to the extent it prevents Plaintiff from bringing claims under

CHRIA and the Fair Hiring Law.  Second, it is unconscionable to the extent it requires the parties to split the costs of arbitration.

a. **The Arbitration Provision is unconscionable to the extent that it prevents Plaintiff from bringing claims under CHRIA and the Fair Hiring Law**

The Arbitration Provision is unconscionable to the extent that it requires the Arbitrator apply Utah substantive law.  The Arbitration Provision states "I agree that the Arbitrator shall administer and conduct any arbitration in accordance with Utah Law, including the Utah rules of civil procedure and the Utah rules of evidence, and that the arbitrator shall apply substantive and procedure Utah law to any dispute or claim, without reference to rules of conflict of law." (Def.'s Ex. A at §20(b)). To the extent that Defendant takes the position that this provision would preclude Plaintiff from litigating his PFPO and CHRIA claims, then the Arbitration Provision is unconscionable.

Under the Fair Hiring Law and CHRIA, employees cannot be discriminated against based on their criminal record. Aggrieved individuals, such as Plaintiff, can bring a private right of actions and recover damages, including, back pay, front pay, compensatory, punitive, and attorneys' fees and costs. 18 PA.C.S. § 9183(b); § 9-3508(3). Utah, however, has no statute that would provide such protection to Plaintiff.[4]  As such, to the extent that Defendant seeks to apply Utah substantive law, as opposed to the Fair Hiring Law and CHRIA, then that would prevent Plaintiff from bringing his claims, while also leaving him no similar recourse, rendering the Arbitration Provision unconscionable.

Similarly, the Arbitration Provision would constitute an impermissible prospective waiver of Plaintiff's right to be free from discrimination. *See Alexander v. Gardner-Denver Co.*,

---

[4] The only statute that Plaintiff is aware of is the Utah Employment Selection Procedures Act, which **allows** employers to consider criminal background information in making employment decisions and provides no private right of action. Utah Code Ann. § 34-46-202, 301

415 U.S. 36, 51, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974) ("there can be no prospective waiver of an employee's rights under Title VII"); *Drake v. Hyundai Rotem United States, Corp.*, No. 13-0868, 2013 U.S. Dist. LEXIS 122393, at *14 (E.D. Pa. Aug. 28, 2013) (internal citations omitted) ("[i]t follows that where a collective bargaining agreement functions to prevent an aggrieved member from vindicating her statutory civil rights claims in any forum, it strips the statute of its remedial and deterrent function' and operates as a substantive waiver of federally protected civil rights.") Therefore, if Defendant sought to enforce this choice of law provision, it would impermissibly force Plaintiff to prospectively waive his civil rights claim, rendering the Arbitration provision unconscionable and unenforceable.

> **b. The Arbitration Provision is substantively unconscionable because it requires the parties to split the costs of arbitration**

The Arbitration Provision is additionally substantively unconscionable to the extent that it puts the burden of the fees and costs of arbitration equally on both parties. The Agreement expressly states, "I understand that the parties to the arbitration shall each pay an equal share of the costs and expenses of such arbitration, except as prohibited by law." (Def.'s Mot at Ex. A, §20(b))**.** Arbitration agreements that require the employee to split the cost with the employer are substantively unconscionable. *See*, e.g., *Nino*, 609 F.3d at 203 (requiring parties to equally bear the fees and expenses of arbitration is substantively unconscionable because it works to the disadvantage of the employee); *Hall v. Treasure Bay V.I. Corp.*, 371 F. App'x 311, 313 (3d Cir. 2010) (finding a "provision that required the non-prevailing party at arbitration to pay the costs of the arbitration, should the arbitrator so order" substantively unconscionable because it "would discourage [Plaintiff] from filing a meritorious claim, given her personal financial situation"); *Spinetti v. Serv. Corp. Int'l*, 324 F.3d 212, 217 n.2 (3d Cir. 2003) ("[w]hen the cost-splitting provision is in the arbitration agreement, potential litigants who read the arbitration agreement

will discover that they will be liable, potentially, for fees if they bring their claim in the arbitral forum and thus may be deterred from doing so") (quoting *Morrison v. Circuit City Stores*, 317 F.3d 646, 676-7 (6th Cir. 2003)); *Blair*, 283 F.3d at 605 (3d Cir. 2002) ("Arbitration costs are directly related to a litigant's ability to pursue the claim"); *Giordano v. Pep Boys--Manny, Moe & Jack, Inc.*, 2001 U.S. Dist. LEXIS 5433, 24 (E.D. Pa. 2001) (holding that an up-front responsibility for one-half of the arbitration fees would "function as barrier to plaintiff's pursuit of arbitration of his claims")

Here, Defendant is an enormous publicly traded company. Plaintiff, on the other hand, is a single individual who never earned a single penny from the company that now seeks to compel him to arbitration.[5]   As such, the Arbitration Provision is substantively unconscionable to the extent that it puts the burden of fees and costs of arbitration equally on both parties.[6]

### C. In The Event This Court Compels Arbitration, Plaintiff's Claims Should Be Stayed

Should this Court choose to grant Defendant's Motion, then this case should be stayed. The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

---

[5] Plaintiff is currently employed and earns $50,000 annually. (Ex. A at ¶ 2).
[6] Should this Court not find the Agreement unenforceable on its face, then Plaintiff respectfully requests leave to take discovery. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) ("if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability.")

9 U.S.C. §3. "The plain language of §3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004).

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion in its entirety and order Defendant to file an Answer to the Complaint.


**CONSOLE MATTIACCI LAW, LLC**

Date: May 1, 2020                    By:      <u>s/ Lane J. Schiff</u>
                                              Lane J. Schiff, Esquire
                                              1525 Locust Street
                                              Philadelphia, PA 19102
                                              (215) 545-7676
                                              (215) 405-2964 (facsimile)


                                              *Attorney for Plaintiff*
                                              *Lamont Lomax*

11